People of Puerto Rico, Plaintiff and Appellee, *v.* Juan Villaveitía, Defendant and Appellant.

No. 3867. Argued December 6, 1929.—Decided July 10, 1930.

*Juan B. Soto* for appellant. *R. A. Gómez* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

As the evidence introduced at the trial of this case has not been sent up to us, the appellant confines himself in his appeal from the judgment of conviction to the claim that the court below erred in failing to dismiss the information and, therefore, in convicting the defendant. The question, then,

to be decided is whether the information charges the offense of aggravated assault and battery.

The charge against the defendant is that at 3 a. m. on June 9, 1928, in an unlawful, wilful and malicious manner, with the intent to inflict serious bodily injury upon the person of Luz María García, he entered the room where she was sleeping and embraced her, endeavoring to kiss her and grasping her violently by the neck; and that the aggravating circumstances consist in that the defendant is an adult male of great strength, and the person assaulted is a female, and that in order to commit such assault he went into her house or dwelling.

The facts stated in the information constitute the said offense, because entering late at night the house where a woman is sleeping, embracing her, attempting to kiss her and seizing her by the neck, are facts constituting an assault and battery on the person of such a woman, even though it is not stated that the defendant battered her but that he embraced her. Although embracing another person does not always constitute an assault and battery, however, when done to a woman under the above stated circumstances, without her consent, it constitutes the said offense, as admitted by the appellant. In the present case there is nothing in the information to show that she consented; rather the contrary appears, as it is stated that the appellant at the time mentioned entered the home where Luz María García was sleeping and committed the said acts.

In *People* v. *Arroyo,* 38 P.R.R. 473, 475, in which the defendant was convicted of aggravated assault and battery committed on a female, by grasping her violently by the arms and struggling with her, it was held that "whatever may have been the ultimate criminal intent of the defendant, it is evident that he assaulted and battered a human being with intent to injure her."

In that case the following citation was made from 2 R. C. L. 547:

"An indecent assault has many of the elements of an assault with intent to rape but falls short of the latter in that there is no intent to commit the graver offense. An indecent assault consists in the act of a male person taking indecent liberties with the person of a female or fondling her in a lewd and lascivious manner without her consent and against her will, but with no intent to commit the crime of rape."

And in 5 C. J. 731, it is said that the taking by a man of indecent liberties with the person of a female, against her will, constitutes an assault and battery.

The judgment appealed from must be affirmed.